FILED

MAY 17 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSELITO RICAFORT,<br>    Petitioner,<br>  v.<br>THOMAS CAREY, warden,<br>    Respondent. | No. C 06-2191 MHP (pr)<br><br>**ORDER OF DISMISSAL** |

    Joselito Ricafort, a California prisoner incarcerated at the California State Prison - Solano, in Vacaville, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition alleges that Ricafort was denied his right to be present at a resentencing proceeding. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

    This is not Ricafort's first habeas petition. He has another one pending: Ricafort v. Carey, C 05-3612 MHP. In Case No. C 05-3612 MHP, Ricafort raised various challenges to his 2002 conviction for burglary and arson, including a claim that he was denied his federal constitutional right to be present at various points before and during his criminal trial. The current petition is based on his absence from a post-trial hearing in that same criminal case. Ricafort's petition is not a challenge to the way the CDCR is executing his sentence but instead challenges the resentencing procedure used by the trial court when it was alerted to a potential sentencing error, i.e., that it had calculated the pretrial time credits incorrectly when

it sentenced Ricafort on the burglary and arson convictions. See Kentucky v. Stincer, 482 U.S. 730, 745 (1987) (due process protects a defendant's right to be present "at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure").

The fact that Ricafort's petition is his second petition challenging the same conviction/sentence creates a procedural problem that requires the dismissal of the action. A second or successive petition may not be filed in this court unless petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A). Ricafort has not sought or obtained such an order from the Ninth Circuit. If Ricafort wants to attempt to obtain the necessary order from the Ninth Circuit, he should very clearly mark the first page of his document as a "MOTION FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)" rather than labeling it as a habeas petition because the Ninth Circuit clerk's office is apt to simply forward to this court any document labeled as a habeas petition. He also should mail the document to the Ninth Circuit rather than to this court. In his motion to the Ninth Circuit, Ricafort should explain how he meets the requirements of 28 U.S.C. § 2244(b)(2).

Because Ricafort's earlier petition is still pending, he has an alternative to filing a motion for permission from the Ninth Circuit: he may amend his pending petition in Case No. C 05-3612 MHP to add the claim. To do this, Ricafort should file a motion in Case No. C 05-3612 MHP in which he requests permission to amend his habeas petition in that case to assert his claim that his due process right to be present at the resentencing hearing was violated. To do this, Ricafort should file a motion to amend in which he describes the claim as the one he wants to add to his petition and explains why it was not included in the original petition. He should attach to his motion to amend a proposed "amendment to petition" that sets out the claim he wants to add to the original petition in Case No. C 05-3612 MHP. If Ricafort wants to proceed with this option, he should file his motion to amend and proposed amendment to petition within **thirty days** of the date of this order.

2

In his petition, Ricafort asks the court to "preserve the federal claims" while he exhausts his state judicial remedies. See Petition, pp. 16, 20. The request is denied because there is no longer any need to wait for exhaustion of state court remedies. The California Supreme Court's website indicates that the habeas petition was denied on March 15, 2006, in Ricafort (Joselito) On H.C., Cal. S. Ct. No. S139759.

For the foregoing reasons, this action is dismissed without prejudice to Ricafort (a) filing a new habeas petition if he obtains permission from the Ninth Circuit or (b) amending his pending petition in Case No. C 05-3612 MHP to assert the claim concerning the resentencing hearing. The clerk shall close the file.

IT IS SO ORDERED.

DATED: May 17, 2006

Marilyn Hall Patel
United States District Judge